PO Box 1148
Scranton, PA. 18501

FILED SCRANTON
OCT 27 2020
PER _____ DEPUTY CLERK

10-18-20

(Chief) Michael S. Owl Feather-Gorbey

vs.                                    # _____

(1) The United States of America.
(2) Administrative Office of Federal Courts
(3) United States Department of Justice.

<u>Owl Feather-Gorbey's Federal Tort Claim Act - Consolidated Bivens vs. Unknown Federal Agents under §28 USC §1915(g) Imminent Danger Exception</u>

I Gorbey seek a hearing necessary to adequately defend this petition & or imminent danger claims or dependant immunities & or to cure any related filing defects. Dependant is under grave prejudices by incarceration & or conditions which require he be brought forthwith directly to the court 2241(c), 1915(g) & <u>Rhoden vs. Rowland</u> 10 F3d 1457, 1460 (9th cir. 1993), <u>Townsend vs. Sain</u> 372 US 293 (1963) & importantly* <u>In re Dorsainvil</u> 119 F3d. 245, 251 (3rd cir. 1997) as this case represents the "most ingreatious" miscarriage of justice possible, requiring an (immediate) hearing.

(Chief) Michael S. Owl Feather-Gorbey
D.C. DOC 317611 Fed. 33405-013
USP Lewisburg
PO Box 1000
Lewisburg, PA. 17837

Claims for Suit

Federal Judges Are Abusing Powers of the Court to keep me incarserated illegally-unconstitutionally in Retaliation For my Whistle blowings & Filing on Judicial & other Government misconducts.

These Judges Are Abusing Discretion & Deliberately Departing From or showing Willful indifference to Prevailing laws while Committing structural Errors (To) Deliberately shut Gorbey out of Court while those same Judges impede Gorbeys Access & Reliefs on imminent Danger Actions, Arising From or within the illegal-Unconstitutional Confinment & Thus, At those Relevant tempral Focal Points become the Cause of Gorbey's Confinment or Detention & the Cause of Gorbey's Conditions (within) That Confinment or Detention & therefore, Demanding Compensation & (immediate) Relief!

Issue (1)   Judge Richard D. Bennett U.S. Dist. Ct. Baltimore Md. & the 4th cir. U.S. Appeal Ct. Judges.

(a) Habeas Corpus  1:18-cv-03204-RDB Gorbey vs. Warden

Gorbey Filed A §2241 Habeas Corpus under the 2241 Savings clause. See United States vs. Wheeler 886 F.3d. 415 (2018). As Gorbey is Error A D.C. State Ct. Prisoner Enjoined From Further Pro-se Filings in D.C. State Ct. of App. in 14-CO-1211 (Without A Hearing or Counsel) & making 2nd-successive §23-110 inadequate or ineffective by Erecting A Prohibitive Financial barrier, which Categorically Denies Him Any & All Access In re Green 669 F.2d. 779 (D.C. cir. 1981)

<u>Broudy</u> vs. <u>Mather</u> 460 F.3d. 106. 117. 120-21 (D.C. Cir. 2006) (Quoting) <u>Christopher</u> vs. <u>Harbury</u> 536 US 403. 413 (2002) <u>Lewis</u> vs. <u>Casey</u> 518 US 343. 355 (1996)

While section 28 USC § 2254 is inadequate or ineffective to address Gorbey's Habeas issues, see. <u>Williams</u> vs. <u>Martinez</u> 586 F.3d. 995. 998. (D.C. Cir 2009)

D.C. state Superior Ct. Prisoners Have No Access of Relief in Section § 2254 When challenging Sentence or Conviction

Yet. Judge Bennett (Deliberately) Departed From or showed willful indifference to All this & Applied § 2254 Rules & shut Gorbey out of Court Forcing Gorbey to stay incarsorated & suffering Prejudicial Conditions.

(b) Imminent Danger Proceedings 1:18-CV-02754-RDB. 1:19-CV-00220-RDB US Dist. Ct. Md.

Bennett claim defendants malpracticly providing Treatments (months After) Gorbey's suits Were Filed, that Bennett obtain information about by going beyond §1915(g) Temporal Constraints & let the Government with All its Resources Rebute Gorbey's imminent danger claims, Which Government Arguments the Judge Accepted over Gorbey's claims (Failing to) Accept Gorbey's claims liberally Construed & Accepted As True. Which Rested on Government Arguments of "Defendants Perception" of Gorbey's Demonstrated Ability to Walk Normally & the lack of limits in His Range of Motion in His R-Wrist As Evidenced by "Defendants Perception" of

Gorbey's Ability to Disrobe, manipulate buttons on His shirt & pants & carry numerous papers in Envalopes. Gorbey 2019 U.S. Dist. Lexis 72209 at *9-10 yet. Bennett fail to Explain ANY Connection between the Ability to walk, Range of motion in one wrist & Carrying papers in Envalopes (with) climbing in & out of top bunks while Gorbey Has several chronic injuries that won't support His weight, & is medically designated NOT to lift over 25 pounds yet weighs 245 pounds. Suffering Falls, serious & other Physical injuries & threats of Death.

Where, instead of Relying on Government & Dependant Arguments that went beyond §1915(g) Temporal Constraints that make NO Association between the FUNCTional Tests Performed & the Actual Danger Alleged. The Court should Have. Pursuant to Mitchell 587 F3d at 420 Construed liberally & Accepted As True. Gorbey's claims that He Has several chronic injuries L-Ancle, R-Knee, R-Sholder, R-Wrist that won't support His weight & Forcing Him to top Bunks Causes Him Falls, injuries & threats of Death.

Where, the same was True For Gorbey's glaucoma malpractically Address months After He Filed His suits & yet the Judge Deny Gorbey Access.

While the 4th U.S. App. Ct. in whole, En banc Affirm these deliberate Tom Fooleries by Judge Bennett & they (the 4th cir. Ct.) Even went so Far themselves, As to claim imminent Danger Applied Enough to charge Gorbey $1,000.00 in Filing Fees in Consolidated Appeals but those same Dangers

Did Not Qualify For leave To Proceed below. Clearly Abusing & Misusing §1915(g) To Apply Fees & Worsen Gorbey's Conditions of Confinement. Dangers, He still Faces Today.

Issue (2) Judge Robert D. Mariani, U.S. Dist. Ct. Scranton, PA. & 3rd Cir. US App. Ct. Judges (Applicable) To Mandamus Proceedings & Judicial Complaints.

(a) Gorbey Has been Force To File Some 11 Actions in the Scranton U.S. Dist. Ct. 10 of Which Mariani is Assign To & Repeatedly showing Misconducts in & Conspiring With Government Attorneys & Prison Staff. 4:20-cv-804-RDM Gorbey vs. Welch et.al. 3:20-cv-806-RDM Gorbey vs. Chambers et.al. 3:20-cv-867-RDM Gorbey vs. FBop. et.al. 3:20-cv-1050-RDM Gorbey vs. Gass et.al. 3:20-cv-1150 Gorbey vs. Warden. 3:20-cv-1360-RDM. Gorbey vs. Warden. 3:20-cv-1227-RDM. Gorbey vs. Warden. 3:20-cv-1457-RDM Gorbey vs. Spaulding et.al. 3:20-cv-1513-RDM Gorbey vs. Spaulding et.al. & 3:20-cv-1713-RDM Gorbey vs. Geisinger et.al.

Where. All but one of these, Judge Mariani Has let lay Dorment For Months, yet 3:20-cv-806-RDM Gorbey vs. Chambers et.al, Judge Mariani Exparte granted Government Motions that Have NO legal or factual grounds to (stay) the Case & simply (lay on) Gorbey's imminent Danger issues (Forcing Gorbey to Suffer) the Damages & Dangers He seeks to Avoid. Clearly. Conspiring With Government Attorneys & the F.Bop & Habitually Delaying All of Gorbey's

Case(s) (While) the Hostile 3rd Cir. U.S. App. Ct. Delays Madamus Petitions & (threatens Gorbey) for Filing Judicial Complaints Regarding the issues.

(b) Gorbey then Refile His §2241 Petition in the 3rd Cir. Since the 4th Cir. shut Him out Errorly under 2254 Provisions. He Has Not Exhausted 2241. see. 3:20-CV-1227-RDM Gorbey vs. Warden, Scranton PA. yet, Now, on 10-13-20, in Retaliation For Gorbey's Judicial Complaints & A Civil Suit 3:20-CV-1850-CCC Naming Mariani, Docketed 10-9-20, Mariani Moots Gorbey's Motion To Recuse Mariani & then orders, Just As Md. Judge Bennett Did. That 2254 Rules shall Apply To (Gorbey's) 2241 Petition (Knowing) this is Plain Structural Error & Deliberate Departure From or Willful indifferance to Prevailing laws That will Automatically Destroy Gorbey's chances in Court. Deliberately shutting Gorbey out.

thus. Like Bennett in maryland & the 4th Cir. App. Ct. Now Mariani in Pennsylvania & the 3rd Cir. App Ct. (Judges) Are, impeding Gorbey's Habeas Action (To) keep Gorbey illegally-Unconstitutionally Detained (While) shutting Him out of Courts & (Forcing Him To Suffer) imminent Dangers. serious & other Physical injuries, subHuman Conditions & lists of Rights violations that Require Gorbey be Afforded (Immediate) Reliefs

Note
Gorbey Finds Heck vs. Humphreys 512 US 477 (1994) To be

unconstitutional & Regardless, it cannot apply here. As it allegedly only bars suits that would invalidate a criminal conviction or sentence. & none of Gorbey's claims here could do that. As even his denial of Habeas Access claims are related to his (detention) under 2241 savings clause see. United States vs. Wheeler 886 F.3d. 415 (2018) and. the duration of his sentence. § 2241(c)(3)

In addition. the US Supreme Court has long recognized a Right under the 1st & 14th Amendments to a Traditional Habeas Corpus Relief. based on an allegedly extended sentence whether that extention be created by court or prison authorities see Nelson vs. Campbell 541 U.S. 637. 643, 124. S.Ct. 2117. 158 led.2d. 924. (2004). The Core of Habeas Corpus has included challenges to the duration of the prisoners sentence (Wheeler 2018 US App lexis 24) Indeed. one purpose of traditional Habeas Relief was to Remedy statutory, as well as Constitutional claims which presenting a fundamental defect which inherently results in a complete miscarriage of justice & exceptional circumstances where. the need for the remedy afforded by the Writ of Habeas Corpus is present. Davis 417 U.S. at 346 (quoting) Hill vs. United States 368 U.S. 424, 428, 82 S.Ct. 468. 7 led.2d. 417 (1962)

But. if we held that a prisoner was foreclosed from seeking collateral relief from a fundamental defective sentence, and through no fault of his own. has no source of Redress. this purpose would remain unfulfilled. Jones 226 F.3d. at 333 N.3.

Where, given the fact that Gorbey is (detained) on charges he is actually innocent of, charges that are unconstitutionally vague & by an unconstitutional trial & unconstitutionally detained in an asylum state (with) an illegally extended sentence from a category C 36 month split ½ jail ½ probation to a 264 month category E. prison only sentence that he has already served some 160 months of 2 years of which are due (to) the 4th cir. courts & now 7 months due (to) 3rd cir. courts & counting & requiring Gorbey be provided (immediate relief) & compensation.

While these judges (keep me locked up) illegally &/or unconstitutionally, they are also shutting out my suits on the conditions of my confinement & therefore become at those relevant temporal focal points the cause of my confinement-detention & the cause of the conditions of my confinement-detention, see.

Temporal Focal Points
Abdul-Akbar vs. McKelvie 239 F.3d. 307 (3rd cir. 2001)
If the danger exists at the relevant temporal focal point of action, the imminent danger exception then applies.
Asemani vs. US. Citizenship & Immigration Serv's 797 F.3d. 1069. 1074 (D.C. cir 2015)
Williams vs. Paramo 775 F.3d. 1182. 1189 (9th cir. 2015)
Ebrahim vs. D.C. 463 F.3d. 3.6. (D.C. cir. 2006)

Where. Here. Gorbey suffers unjust detention

because He is Actually innocent of any Alleged Explosive charges. His trial in D.C. state ct. by the Fed. Government was illegal. Most of His charges Are Unconstitutionally vague. He is Unconst. Confined in an Asylum state. & His sentence is in grave Error Due to improper Reporting of His PSR & Criminal History scores. & (While) He suffers this illegal-unconstitutional detention He is Force to indure. Denials of Proper timely glaucoma treatment where just from the 4th cir. Negligent Acts From 2018 to Now Have serious Damages Along with Now the 3rd cir. Negligence Has Gorbey's eyes at 90% Damage to His L-eye & 40% R-eye threatning total blindness. <u>Pinder</u> vs. <u>McDowell</u> 619 F.Appx 565, 566-67 (8th cir. 2015); <u>Liner</u> vs. <u>Fischer</u> 11-cv-6211 2012 US Dist. Lexis 95599 at *13 (SDNY 7-11-2012) Gorbey is Repeatedly Force to Top Bunks where He is suffering Falls serious & other Physical injuries & threats of Death. Due to chronic injuries L-Ancle, R-Sholder, R-Wrist, R-Knee that Won't support His weight (while) Prison staff Fail to Provide Him medical Treatment. see. <u>Cochran</u> vs. <u>Geit</u> 11-cv-134, 2011 US Dist. Lexis 81720 at *5-6 (W.D. Wis. July 26, 2011)
<u>Williams</u> vs. <u>Walker</u> 11-cv-805, 2011 US Dist. Lexis 55925 at *2 (E.D. Cal. May 6, 2011)
<u>Estelle</u> vs. <u>Gamble</u> 429 U.S. 97, 107 (1976)
 Gorbey is on A building 3rd Floor Having to Assend several Flights of concreat steps cuff behind His back irrespective of A need medically for A Front Cuff

only because of a chronicly injured R-sholder that Has suffer torn muscles & Dislocates & R-wrist (while) He is Denied His medical R-knee & L-ancle brace(s). & Each Time He goes Down the steps He Could Fall & seriously injure or Kill Himself. by a lack of accomedations Bradley vs. Puckett 157 F.3d. 122 (5th cir. 1998)

As well, Gorbey is Repeatedly suffering untreated Hypoglocimia Eppisodes Which Cause Him Falls, injuries & with His Hypertension threaten Heart Attack or stroke Ibrahim vs. D.C. 463 F.3d. 3.7. (D.C. cir. 2006) untreated Chronic Desease qualifies as imminent Danger. Where, as well, Gorbey Has Repeatedly suffer Assaults by other inmates Where staff do nothing to keep Him safe & then Abuse use of Discipline Process Against Gorbey to cover up the Assaults & staff misconducts while Gorbey is Housed in Cells with no Duress buttons to notify staff in Events of Assaults or serious medical conditions & staff Fail to make meaningfull Rounds. Failing to Keep Gorbey safe! Williams vs. Bledso 2013 U.S. Dist. lexis 143804, 2013 WL. 5502848 at *18 (md. Pa. 11-3-2013) Farmer vs. Brennan 511 US 825. 114 S.Ct. 1970. 128 L.ed. 2d. 811 (1994) officials "must" Take Reasonable measures to guarentee the safety of inmates.

And in that brings us to the Fact that (Courts) not Properly, Effectively or (Timely) Addressing Prisoners Claims Filed to them, is A Breach of that Duty For those (Court officials) "must" Take Reasonable steps to guarentee the safety of inmates & that is not satisfied. Here, in Gorbey's cases, listed Above & below

Where. simply laying on imminent danger suits doing nothing or (staying) them while Exparte conspiring with Government Attorneys to Effect A Transfer of the inmate so the Court can Effect An Unjust Dismissal & the Courts Can Conspire to Abuse use of 1915(g) to bar Any Appeal because then they can claim Gorbey no longer At That Prison can no longer claim (those) imminent Dangers. (While) US Appeal Courts in Turn lay on imminent danger mandamus Petitions & do nothing about Judicial Complaints but threaten (Gorbey) is Not Taking steps to keep Gorbey safe. & infact it is Abusing 1915(g) & Subjecting Gorbey (to) imminent Dangers. & Justifying this suit.

### Jurisdiction

28 USC §2671 - 2680 the Federal Tort claim Act
Allows Relief & Compensation For Any Wrongful Act or negligence of Any Federal Employee. Which strictly Reading the statute. The words Any Federal Employee Does include Judges!
Richards vs. United States 369 U.S. 1, 6. (1962) see.
Lomax vs. Ortiz-Marquet 18-8369, 2020 WL 3038282. (US June 8, 2020)
Courts may not insert or Extrat words in Statutes. Id. A statute must be construed strictly According to what Congress Expressly included in its Text.
Lomax 2020 WL 3038282 at *3.

Where. this brings us to our next Concern which is

Already established, which is the elusive "Nexus" courts keep inserting into §1915(g).

Where, no nexus applies to 1915(g) though Gorbey has established a qualifying nexus.

Lomax vs. Ortiz-Marquez 18-8369, 2020 WL. 3038282 (US June 8. 2020)

Lomax holds that §1915(g) the 3 strikes provision of the PLRA "must" be construed strictly, accordingly to what Congress expressly included in its text. Lomax 2020, WL. 3038282 at *3. In particular, when interpreting the 3 strikes rule courts may not insert into §1915(g) words Congress chose to omit. Id. Indeed, the word "nexus" is not in §1915(g) text. Thus, as in Lomax the courts analysis pretty much ends there Lomax 2020 WL. 3038282 at *3. If §1915(g) is devoid of a nexus requirement & if that provision is to be given a literal reading without the addition of words that Congress chose to omit, then the resolution of this issue is "an easy call." There is no nexus requirement Id at *5. Where, while the strict reading rule applied in Lomax assisted the government in that case, there is no principled reason to discard the rule when the results - as here - would favor Gorbey.

Thus, no nexus applies to §1915(g) though Gorbey has established a nexus as when the courts (deliberately) deny him habeas relief & keeps him incarcerated or detained illegally - unconstitutionally they then are the (cause) of his detention & the conditions he suffers within that detention. (Especially when) those same

Courts are shutting Gorbey out on Petitions to Cure those Adverse Conditions see.
Relevant Tempral Focal Points of Action
Abdul-Akbar vs. McKelvie 239 F.3d. 307 (3rd cir. 2001)
The imminent Danger Exception Applies if the Danger Existed At the Relevant Tempral Focal Point of Action.
Asemani vs. U.S. Citizenship & Immigration Serv's 797 F3d. 1069. 1074 (D.C. Cir. 2015)
Williams vs. Paramo 775 F.3d. 1182. 1189 (9th cir. 2015)

We must note that §1915(g) only Requires A (threat of) serious Physical injury or death. None Need Actually occure. Abdul-Akbar 239 F.3d. at 315 (citing)
Gibbs vs. Cross 160 F.3d. 962. 966-67 (3rd cir. 1998)

Where, As well, A Nexus Requirement is destroyed because, §1915(g) is not designed As A vehicle for determining the merits of A suits claims, & to apply A Nexus between the imminent Dangers Alleged & the Underlying claims of the suit. A Court "must" then Use §1915(g) As A vehicle to determine those suit underlying claims.
Chavis vs. Chappius 618 F.3d. 162. 169 (2nd cir. 2010)
Ciarpaglini vs. Saini 352 F.3d. 328. 331 (7th cir. 2003)

Where, Also, to shut Gorbey out on Habeas Reliefs (to) keep Him detained (while) subjecting Him to imminent Dangers & Physical injuries, (while) shutting Him out of Court from address those imminent Dangers & Physical injuries because He cannot afford the filing fee, is Erecting A Prohibitive Financial berriar that

is denying Gorbey any & all access to court & thus to now try to shut him out here. Simply because the any Federal Employees are Judges, is categorically denying Gorbey any & all access to court.

In re Green 669 F.2d. 729 (D.C. Cir. 1981)

These court orders are erecting prohibitive financial barriers that effectively deny Gorbey any & all access to court Id. at 786.

Categorically denying access to courts in cases where he seeks to vindicate fundamental rights totally bars him from accessing the courts. Green 669 F.2d. at 785.

Where. Here. The essence of Gorbey's denial of access claims are, that official actions e.g. structurally error applying §2254 Rules to (Gorbey's) §2241 petitions & impositions of filing fees in F.T.C.A & Bivens suits is presently denying him any opportunity to litigate causing Gorbey to suffer an illegal-unconstitutional detention & prejudicial conditions within that same detention.

Where. The U.S. Supreme Courts Jurisprudence reveals at least 2 necessary elements.

An arguable underlying claim. And. Present forclosure of a meaningful opportunity to pursue that claim.

Broudy vs. mathers 460 F.3d.106.117.120-21 (D.C. Cir. 2006) (quoting) Christopher vs. Harbury 536 US 403. 413 (2002) Lewis vs. Casey 518 US 343. 355 (1996)

Where. Simply because there are appeals still available on Gorbey's 3rd Cir. Habeas & civil suits do not quash the

prejudices & damages caused by suffering those delays nor could that quash present imminent danger. As such danger is judged at the time of action & filing not days weeks, months or years later.
Abdul-Akbar vs. McKelvie. 239 F.3d at 315
Gibbs vs. Cross 160 F.3d. 962, 966-67 (3rd cir. 1998)
Johnson vs. Warner 200 F.Appx 270. 272. (4th cir. 2008)
Martin vs. Shelton 319 F.3d. 1048, 1050 (8th cir. 2003)
Ibrahim vs. D.C. 463 F.3d. 3, 6. (D.C. Cir. 2006)
Mitchell vs. F.Bop. 587 F.3d. 415 (D.C. Cir. 2009)

### Relief Sought

(1) I seek $45,000,000.00 cash. Forty Five million.
(2) I seek my immediate release from all detention or custody.
(3) I seek reform of the Federal Judicial Complaint Process.

(chief) Michael S. owl Feather-Gorbey
D.C. DOC 317611 Fed. 33405-013
USP Lewisburg
PO Box 1000
Lewisburg P.A.
17837.

Declaration of mailing 1746 & 1621
Deposit in USP Lewisburg X-Block internal legal mail 1st class US
10-18-20     (chief) Michael S. owl Feather-Gorbey
             DC DOC 317611 Fed. 33405-013

Inmate Name: Michael S. OwlFeather-Gorbey
Register Number: 33405-013
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837   10-19-20   20 OCT 2020

(legal-special mail)

RECEIVED
SCRANTON
OCT 27 2020
PER ____SP____
DEPUTY CLERK

(open only in presence of
Gorbey or the U.S. Court)

Clerk of Court
U.S. District Court
P.O. Box 1148
Scranton, PA.
18501