**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHIEF MICHAEL S. OWL** : | **CIVIL ACTION NO. 1:20-CV-1982** |
| **FEATHER-GORBEY,** : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **THE UNITED STATES OF AMERICA,** : | |
| **et al.,** : | |
| : | |
| **Defendants** : | |

**MEMORANDUM**

Plaintiff Chief Michael S. Owl Feather-Gorbey ("Gorbey"), a federal inmate

confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-

Lewisburg"), initiated this action pursuant to Bivens[1], 28 U.S.C. § 1331, and the

Federal Tort Claims Act ("FTCA")[2]. (Doc. 1). Named as defendants are the United

States of America, the Administrative Office of Federal Courts, and the United

States Department of Justice. When he filed the complaint, Gorbey also filed a

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

motion for leave to proceed *in forma pauperis*.  (Doc. 2).  The complaint is presently

before the court for screening.

Gorbey is a prolific filer who is subject to the three strikes provision set forth

in 28 U.S.C. § 1915(g).  Accordingly, he may not proceed *in forma pauperis* unless he

was in imminent danger of serious physical injury at the time he filed his complaint.

See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).  For the

reasons set forth below, the court will deny the application to proceed *in forma*

*pauperis*, and this action will be stayed pending receipt of the full filing fee.

## I.   **Allegations of the Complaint and Allegations of Imminent Danger**

Gorbey alleges that various United States District Court judges and United

States Circuit Court judges are "shut[ting] [him] out of court" and impeding his

ability to file habeas petitions and civil rights actions.  (Doc. 1, at 2-3).  First, he

alleges that United States District Judge Richard D. Bennett, District of Maryland,

and Judges of the United States Court of Appeals for the Fourth Circuit, have

improperly denied his petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241, and improperly dismissed his civil rights actions pursuant to the three strikes

provision, 28 U.S.C. § 1915(g).  (Id. at 2-5).  Second, Gorbey alleges that because he

was unable to pursue his claims in the United States District Court for the District

of Maryland and the Fourth Circuit Court of Appeals, he was "force[d]" to file the

same eleven actions in the United States District Court for the Middle District of

Pennsylvania.  (Id. at 5).  In this regard, Gorbey alleges that United States District

Judge Robert D. Mariani, Middle District of Pennsylvania, and Judges of the United

States Court of Appeals for the Third Circuit, have improperly dismissed his civil

rights actions pursuant to the three strikes provision, 28 U.S.C. § 1915(g), and improperly denied his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Id. at 5-6).

Gorbey contends that all of the aforementioned judges are conspiring with government attorneys, and their actions result in his illegal and unconstitutional confinement. (Id. at 3, 6, 8, 10-11).

Gorbey asserts that he is in imminent danger of serious physical injury because he is assigned to a top bunk despite suffering from chronic injuries, he failed to receive proper medical treatment for his glaucoma and hypoglycemia, his hands are continually cuffed behind his back despite having medical clearance for front-cuffing, he is repeatedly assaulted by fellow inmates, and there are no duress buttons in inmate cells. (Doc. 1, at 9-11; Doc. 2, at 3-6).

For relief, Gorbey seeks monetary compensation, immediate release from custody, and revision of the process for filing federal complaints. (Doc. 1, at 15).

II.   **Discussion**

The Prison Litigation Reform Act of 1996 (PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted the "three strikes" provision. Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless the prisoner was in imminent danger of serious physical injury at the time that the complaint was filed. See Abdul-Akbar, 239 F.3d at 310-11.

There is no question that Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. See Gorbey v. The Federal Bureau of Alcohol, *et al.*, Civil Action No. 5:11-cv-126 (N.D. W. Va. March 14, 2012) at (Doc. 26) (noting that Gorbey has filed eleven cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted); Gorbey v. District of Columbia, *et al.*, Civil Action No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey is barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)); Gorbey v. Federal Bureau of Prisons, *et al.*, Civil Action No. 5:10-cv-309 (M.D. Fla. 2010) at (Doc. 4) (imposing three strikes bar and citing previous strikes incurred by Gorbey). Because Gorbey is subject to the three strikes provision in 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant action.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v. Cross, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. Id. at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." Id.; see also Abdul-Akbar, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that

4

past danger reasonably be described as 'imminent.'" Abdul-Akbar, 239 F.3d at 313.

When evaluating an allegation of imminent danger of serious physical injury, the

court must determine whether the inmate has drawn "an adequate nexus between

the claims [s]he seeks to pursue and the 'imminent danger' [s]he alleges." Ball v.

Hummel, 577 F. App'x 96, at n.1 (3d Cir. 2014) (nonprecedential) (citing Pettus v.

Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009)).

    In the present matter, Gorbey's claims of imminent danger fail to meet that

standard.  Gorbey does not appear to challenge the fact that he has three strikes.

Rather, he states that he is under imminent danger of serious physical injury

because he is assigned to a top bunk, he failed to receive proper medical treatment

for his glaucoma and hypoglycemia, his hands are cuffed behind his back despite

having medical clearance for front-cuffing, he has been assaulted by fellow inmates,

and there are no duress buttons in inmate cells.  However, the allegations of the

complaint relate to abuse of power and judicial misconduct.  These claims lack any

connection to the imminent dangers alleged by Gorbey.  Moreover, Gorbey has

previously raised these identical imminent danger claims, and he has been

repeatedly rebuffed by the courts, which have found that his allegations do not

show imminent danger of serious injury.  See, e.g., Gorbey v. S. Spaulding, Warden,

et al., Civil Action No. 3:20-cv-1457 (M.D. Pa.); Gorbey v. Dr. Muberik, et al., Civil

Action No. 1:19-cv-220 (D. Md.); Gorbey v. Dunbar, et al., Civil Action No. 1:18-cv-

2754 (D. Md.).  Given that Gorbey's complaint merely repeats his previously rejected

claims of imminent danger, it is difficult to see how these claims demonstrate

an imminent danger of serious bodily harm under 28 U.S.C. § 1915(g).

Upon thorough review of the filings in this action, the court concludes that Gorbey has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*.  If Gorbey wishes to pursue the claims in this action, he must pay the filing fee in full.  Failure to pay the filing fee will result in dismissal of the complaint without prejudice.  See Brown v. City of Philadelphia, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

### III.   Conclusion

The court will deny Gorbey's application to proceed *in forma pauperis* and direct him to submit the requisite filing fee.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        December 29, 2020